# EXHIBIT A

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

JARRETT CARTER
3800 WEAN DRIVE
CONDO 2C
NOTTINGHAM, MD 21236

ELIZABETH NIELSEN
20 DERWOOD COURT
BALTIMORE, MD 21234

BRIAN AYERS
1212 JACK VIEW DRIVE
WESTFIELD, IN 46074

    *on their own behalf and on behalf of*
    *all others similarly situated,*

      *Plaintiffs,*

    v.

VINEYARD VINES, LLC
181 HARBOR DRIVE
STAMFORD, CT 06902

Serve on:

    COGENCY GLOBAL INC.
    1519 YORK ROAD
    LUTHERVILLE, MD 21093

    *Defendant*.

JURY TRIAL REQUESTED

Case No. C-03-CV-25-003960 _____

---

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This is a class action against Defendants Vineyard Vines, LLC ("Vineyard Vines" or "Defendant") for false and misleading email marketing.

2.    Vineyard Vines sends marketing emails to Maryland and Indiana consumers, which contain false or misleading information in the subject lines, with the capacity, tendency, or effect

of deceiving the recipient. For example, Vineyard Vines sends emails that misrepresent the duration of given promotions, in an apparent effort to drive sales by creating a false sense of urgency. The subject line of these kinds of emails falsely claims that a certain sale or discount is time-limited, such as "FINAL HOURS" or "SALE ENDS TODAY," or "LAST DAY," when, in reality, the offer lasts longer than advertised. As another example, Vineyard Vines sends emails with subject lines claiming that a sale or discount has been "EXTENDED," when, in reality, Vineyard Vines always planned the sale to continue during the advertised extension.

3.     Vineyard Vines also uses its preconceived "sale extensions" as an excuse to send consumers additional emails purporting to notify them that a sale is ending or that a sale has been extended.

4.     Vineyard Vines's practice of sending emails about sales with fictional time limits, fake extensions, and more illusory special offers violates the Maryland Commercial Electronic Mail Act ("MCEMA"), Maryland Code Annotated, Commercial Law §§ 14-3001 *et seq*.; and Indiana's Deceptive Commercial Electronic Mail Act, Ind. Code Ann. § 24-5-22-2, *et seq.* (collectively "the Anti-Spam Statutes").

5.     By sending emails with subject lines containing false and misleading information to Named Plaintiffs and the Classes (defined below), Vineyard Vines violates the Anti-Spam Statutes.

6.     By sending these false and misleading emails, Vineyard Vines intends to deceive the recipients.

7.     Named Plaintiffs bring this action as a class action on behalf of persons residing in Maryland and Indiana, to whom Vineyard Vines sent emails with false and/or misleading subject lines. Named Plaintiffs' requested relief includes an injunction to end these practices, an award to

- 2 -

Named Plaintiffs and Class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

II.    **JURISDICTION**

8.     The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

9.     The Circuit Court of Maryland has personal jurisdiction over Defendant Vineyard Vines pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Vineyard Vines systematically and continually transacts business in Maryland, maintains leases in the state of Maryland, operates stores located in the state of Maryland, the case arises, in part, out of a transaction that took place within Maryland, and Vineyard Vines contracts to supply goods or services in Maryland.

III.    **PARTIES**

10.     Named Plaintiff Jarrett Carter is a natural person currently residing at 3800 Wean Drive Condo 2C, Nottingham, Maryland 21236 (Baltimore County, Maryland).

11.     Named Plaintiff Elizabeth Nielsen is a natural person currently residing at 20 Derwood Court, Baltimore, Maryland 21234 (Baltimore County, Maryland).

12.     Named Plaintiff Brian Ayers is a natural person currently residing at 1212 Jack View Drive, Westfield, Indiana 46074 (Hamilton County, Indiana).

13.     Defendant Vineyard Vines is a Connecticut corporation doing business within this state and with its principal place of business located at 181 Harbor Drive, Stamford, Connecticut 06902.

IV.    **FACTUAL ALLEGATIONS**

A.  **The Anti-Spam Statutes prohibit initiating or conspiring to initiate the transmission of commercial e-mails with false or misleading information in the subject lines**.

14.    The Anti-Spam Statutes, by their terms, regulate deceptive email marketing.

15.    The Anti-Spam Statutes were enacted to protect consumers' interests in being free from deceptive commercial e-mails.

16.    An injury occurs under the Anti-Spam Statutes any time a commercial e-mail is transmitted that contains false or misleading information in the subject line.

17.    Under the Anti-Spam Statutes, it is irrelevant whether misleading commercial e-mails were solicited.

18.    The Anti-Spam Statutes create an independent, limited, private of right of action, which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. *See, e.g.,* MCEMA § 14-3003; Ind. Code Ann. § 24-5-22-10.

19.    Violations of the Anti-Spam Statutes create standalone causes of action.

B.  **Vineyard Vines initiated (or conspired to initiate) the transmission of commercial e-mails with false or misleading subject lines.**

20.    Vineyard Vines has initiated (or conspired to initiate) the transmission of dozens of commercial electronic mail messages with false or misleading information in the subject lines to Named Plaintiffs and members of the Classes.

21.    The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Vineyard Vines also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

22.     Vineyard Vines sent the emails for the purpose of promoting its goods for sale.

23.     The emails were sent at Vineyard Vines's direction and were approved by Vineyard Vines.

24.     Vineyard Vines's emails frequently advertise the "limited" nature of sales, discounts, and prices. For example, on June 16, 2025, Vineyard Vines sent an email with a subject line, "LAST DAY: 40% Off Tees & More Summer Styles!" By stating that a sale is ending at a specific time, Vineyard Vines suggests an offer's rarity or urgency, stimulating consumers' desire to get the deal before its gone while simultaneously inducing fear of missing a good buy.

25.     Vineyard Vines designs the subject lines of its marketing emails to tap into these consumer urges. Other email subject lines spur the recipient to make purchases, notifying the recipient that it is their "Last Chance" to obtain the purported limited-time deals.

26.     The fact that such statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5; *see also Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025) (recognizing that such false or misleading emails violate Washington's Commercial Electronic Mail Act, Revised Code of Wash., § 19.190.020, *et seq*.).

27.     Vineyard Vines uses the purportedly limited nature of its offers to send *more* emails to consumers than it otherwise might. Vineyard Vines may send a single consumer up to five marketing emails *per day*, and commonly sends three marketing emails *every day*, many of them advertising "limited time" offers. For example, Vineyard Vines will send an email (i) when a limited time offer starts, (ii) while the offer is ongoing, (iii) when the offer is getting close to ending, (iv) when the offer is in its final hours, and (v) when the offer as been "extended."

28.     Vineyard Vines violates the Anti-Spam Statutes because many of the statements in the email subject lines are false and misleading on several fronts. There are numerous examples of Vineyard Vines emails that can be shown to have false and misleading information in the subject lines just by reviewing the subject lines of other Vineyard Vines emails. The facts alleged below show the types of false and misleading email subject lines Vineyard Vines sends to Maryland and Indiana residents.

**C.**   **Some emails state that a sale has been "extended," but Vineyard Vines always planned for the sale to be offered during the purported "extension."**

29.     Vineyard Vines misrepresents the length of time sales will be offered by sending emails stating that a sale has been "EXTENDED!" However, discovery will show that Vineyard Vines employees did not gather at the end of the planned sale and determine that the sale should be extended. Instead, the sale was always planned to continue and the advertised "extension" is fake. Vineyard Vines regularly claims or suggests that sales will only be available for a certain amount of time in the email subject line, only to "extend" the sale immediately after the sale was purported to end. In many instances, the sale is available for longer than the time period stated in the email subject line.

30.     For example, on June 15, 2025, Vineyard Vines sent an email with the subject line "Today Only: FREE SHIPPING On All Orders + 40% Off Tees[.]"

31.     The next day, on June 16, 2025, Vineyard Vines sent another email with the subject line "LAST DAY: 40% Off Tees & More Summer Styles!"

32.     Finally, the following day, on June 17, 2025, Vineyard Vines sent an email with the subject line "40% Tees + 30% Off Shorts, Polos & Swim EXTENDED[.]"

33.    The subject line of the email sent on June 15, 2025, stating that the sale was "Today Only" was therefore false and misleading because the unchanged promotion was offered the very next day.

34.    Similarly, the subject line of the email sent on June 16, 2025, stating that it was the "LAST DAY" for 40% off tees was also misleading, because the unchanged promotion was, again, offered the very next day.

35.    As a second example, Vineyard Vines advertised via email on May 11, 2025, with the subject line: "ENDS TONIGHT: 50% Off Everything!" The very next day, on May 12, 2025, Vineyard Vines sent an email with the subject line: "NOW EXTENDED: 50% Off Everything[.]"

36.    The subject line of the email sent on May 11, 2025, stating that the sale "ENDS TONIGHT," was false and misleading because the sale did not, in fact, end that night.

37.    As another example, on November 20, 2024, Vineyard Vines sent an email with a subject line stating: "ONLINE BLACK FRIDAY SALE ENDS TONIGHT!" But the very next day, on November 21, 2024, Vineyard Vines sent another email with the subject line stating "Online Black Friday Sale EXTENDED TODAY ONLY[.]"

38.    As another example, on June 16, 2025, Vineyard Vines sent an email with the subject line "LAST DAY: 40% Off Tees & More Summer Styles!" But the very next day, Vineyard Vines sent another email with the subject line stating "40% Tees + 30% Off Shorts, Polos & Swim EXTENDED[.]" Then, on June 19, 2025—three days after the sale was originally supposed to end, Vineyard Vines sent another email with the subject line "IT'S ON! 40% Off Tees + 30% Off Summer Styles[.]" Thus, the subject line of the email sent on June 16, 2025, stating that it was the "LAST DAY" to obtain 40% off tees was false and misleading because tees were offered at 40% off again the very next day, and multiple times thereafter, in a short span of time.

39.     As another example, on July 21, 2025, Vineyard Vines sent an email with a subject line stating "LAST DAY! Up To 40% Off Swim, Tees & More Ends Tonight[.]" However, the next day, Vineyard Vines sent an email with a subject line stating: "Extended Today Only! Up To 40% Off Summer Vacay Styles[.]" The subject line of the email sent on July 21, 2025, stating that it was the "LAST DAY" to receive up to 40% off swim, tees, and more was therefore false and misleading because the products were offered at the same discount in the following days.

40.     As another example, on May 25, 2025, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "3 DAYS ONLY: FREE SHIPPING + 25% OFF ALL!" Vineyard Vines reminded Plaintiff Ayers of this purportedly limited-time offer the next day with the subject line "25% OFF EVERYTHING Ends Soon[.]" On May 27, Vineyard Vines sent a final email stating "ENDS TONIGHT: Up To 70% Off Sale + 25% Off All!" The sale did not "END TONIGHT" as promised, and in fact, on May 29, Vineyard Vines sent Plaintiff Ayers an email stating "HEY YOU: ONE MORE DAY OF 25% OFF Your Entire Cart!" Thus, the emails leading up to that May 29 email were false and misleading, as it was never the last chance to obtain the deal. And mere days later, on June 6, 2025, Vineyard Vines sent an email with the subject line "40% Off EVERYTHING Starts NOW!" And on June 10, 2025, "everything" was suddenly 50% off ("LAST DAY: 50% OFF EVERYTHING Sitewide!").

**D.  Some emails state or suggest that the recipient can obtain a free gift, but in reality, the recipient must make a minimum purchase in order to obtain the "free" gift.**

41.     On May 9, 2024, Vineyard Vines sent an email with the subject line "OUTLET: Stop In For A FREE GIFT For Mothers Day[.]" However, the subject line did not specify that the recipient must spend at least $250 on other products to obtain this "free" gift.

42.     Thus, since the "free gift" was not actually free, but rather, required additional purchase, the subject line of the May 9, 2024 email was false and misleading.

43.     As another example, on April 25, 2025, Vineyard Vines sent an email with the subject line "In Stores Tomorrow: FREE GIFT For Mom!" However, the subject line did not specify that the recipient must spend at least $250 on other products to obtain this "free" gift.

44.     Thus, since the "free gift" was not actually free, but rather, required additional purchase, the subject line of the April 25, 2025 email was false and misleading.

45.     As another example, on December 2, 2024, Vineyard Vines sent an email with the subject lines "Cyber Monday: Up To 60% Off SITEWIDE + Free Gift!" However, the subject line did not specify that the recipient must spend at least $150 on other products to obtain this "free" gift.

46.     Also on December 2, 2024, Vineyard Vines also sent an email with the subject line "YOUR CART [] Now Up to 60% OFF + Free Gift!" and an email with the subject line "FREE Gift AND Up To 60% Off Sitewide[.]" However, the subject line did not specify that the recipient must spend at least $150 on other products to obtain this "free" gift.

47.     Thus, since the "free gift" was not actually free, but rather, required additional purchase, the subject lines of the December 2, 2024 emails were false and misleading.

**E.  Vineyard Vines Sends Commercial Emails to Consumers Whom It Knows, Or Has Reason to Know, Reside In Maryland or Indiana.**

48.     Vineyard Vines sent the misleading commercial emails to email addresses that Vineyard Vines knew, or had reason to know, were held by Maryland and/or Indiana residents, either because (i) Vineyard Vines had a physical address that was associated with the recipient based on past purchases; (ii) Vineyard Vines had access to data regarding the recipient indicating which state they resided in; or (iii) information was available to Vineyard Vines upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

49.    Vineyard Vines knows where many of its customers reside through several methods.

50.    First, for any person that places an order online from Vineyard Vines, Vineyard Vines associates an email address with a shipping address and/or billing address for that order.

51.    Second, Vineyard Vines encourages online shoppers to create online accounts. Customers save information in their Vineyard Vines accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

52.    Third, discovery will show that Vineyard Vines employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Vineyard Vines's marketing emails, including by identifying their physical location. For example, discovery will also show that Vineyard Vines gathers information such as geocoordinates and IP addresses from individuals who click on links in Vineyard Vines commercial emails, and that Vineyard Vines can use such information to determine whether the recipient is in Maryland or Indiana.

53.    Fourth, Vineyard Vines also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Vineyard Vines's marketing emails and that visit its website. For example, Vineyard Vines has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram users that visit the Vineyard Vines website; information that can be associated with the data collected by Meta on where that consumer resides. Vineyard Vines also employs tracking technologies provided by Google, Inc., Yahoo! Inc., FullStory, Inc., Twitter, Inc., Microsoft, Inc., and others that may be able to locate consumers in Maryland or Indiana.

54.     Fifth, discovery will also show that Vineyard Vines employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

55.     Lastly, Vineyard Vines also knew, should have known, or had reason to know that it sends marketing emails to Maryland and Indiana residents due to its large presence in those states and the volume of marketing emails it sends to people around the country.

56.     Discovery will show that, at the time it sent the emails with false and misleading subject lines, Vineyard Vines had access to the data described above regarding the location of consumers in Maryland and Indiana to whom it sent the emails.

**F.    Vineyard Vines initiated (or conspired to initiate) the transmission of illegal emails to Named Plaintiffs and members of the Classes.**

**a.    Named Plaintiff Carter's Experience**

57.     At all times relevant to this Complaint, Plaintiff Carter resided in Maryland.

58.     Plaintiff Carter has received Vineyard Vines emails since at least December 2, 2022.

59.     Plaintiff Carter receives emails from Vineyard Vines at a gmail.com email address.

60.     Vineyard Vines knows, or has reason to know, that Plaintiff Carter's email address is held by a Maryland resident. Plaintiff Carter has an account with Vineyard Vines that reflects his home address in the State of Maryland. Plaintiff Carter has made several purchases (unrelated to the allegations contained within this Complaint) from the Vineyard Vines website that have been delivered to his home in Maryland and he has shopped in Vineyard Vines stores in Maryland with his account.

61.     Vineyard Vines sent the following emails to Named Plaintiff Carter:

a.  On December 11, 2023, Vineyard Vines sent Named Plaintiff Carter three emails with the subject lines: "ONLINE OUTLET: LAST CALL For 50% Off Everything," "ONLINE OUTLET: FINAL HOURS To Save BIG," and "ONLINE OUTLET: LAST DAY For 50% Off Everything!" The next day, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "ONLINE OUTLET: NOW EXTENDED [] 50% Off Everything!" The information in the subject lines of the December 11, 2023 emails stating "LAST CALL" and "FINAL HOURS" and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the very next day.

b.  On February 4, 2024, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "FINAL HOURS: HALF OFF All Sale Styles" and "ENDS TONIGHT: Half Off Sale Styles." The next day, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "HALF OFF All Sale Styles EXTENDED[.]" The information in the subject lines of the February 4, 2024 emails stating "FINAL HOURS" and "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

c.  On February 27, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "ONLINE OUTLET: Our End Of Season Sale ENDS TONIGHT[.]" The next day, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "ONLINE OUTLET: NOW EXTENDED [] Enjoy 80% Off Almost Everything[.]" The information in the subject line of the

February 27, 2024 email stating "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

d. On March 25, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "OUTLET: Get Your FREE GIFT Starting Tomorrow[.]" However, in order to obtain the "FREE GIFT," the recipient would have had to spend at least $200. Therefore, the gift was not "FREE" and thus the information in the subject line of the email sent on March 25, 2024 was false and/or misleading.

e. On March 28, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "OUTLET: Up To 50% Off Everything + FREE GIFT!" However, in order to obtain the "FREE GIFT," the recipient would have had to spend at least $200. Therefore, the gift was not "FREE" and the information in the subject line of the email sent on March 28, 2024 was false and/or misleading.

f. Between April 27, 2024 and April 30, 2024, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "FREE SHIPPING + 30% Off [] This Weekend Only," "30% Off Swim ENDS TOMORROW...Shop Now!," "30% Off Bestselling Mens Styles Ends Tomorrow," and "SALE LAST DAY: 30% Off On-The-Go Shorts[.]" On May 1, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "Sale Extended: 30% Off For TODAY ONLY!" The information in the subject lines of the emails sent between April 27 and 30 stating "This Weekend Only" and "ENDS TOMORROW" and "LAST DAY"

was therefore false and misleading because the unchanged promotion was offered the day after the promotion was represented as ending.

g.  On May 9, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "OUTLET: Stop In For A FREE GIFT For Mothers Day[.]" However, in order to obtain the "FREE GIFT," the recipient would have had to spend at least $250. Therefore, the gift was not "FREE" and the information in the subject line of the email sent on May 9, 2024 email was false and/or misleading.

h.  Between June 29, 2024 and June 30, 2024, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "50% Off Sitewide Ends Tomorrow," "Online Only [] 50% Off Everything Ends Tonight," and "FINAL HOURS For 50% Off Sitewide!" On July 1, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "SURPRISE: 50% Off Online EXTENDED[.]" The information in the subject lines of the emails sent between June 29 and 30 stating "Ends Tomorrow" and "Ends Tonight" and "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the day after the promotion was represented as having ended.

i.  On October 18, 2024, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "Our 24-HOUR ONLINE FLASH SALE Starts Now!" and "LAST CHANCE For 50% Off Everything Online[.]" On October 19, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "Online Flash Sale:

EXTENDED TODAY ONLY[.]" The information in the subject lines of the emails sent on October 18 stating that the sale only lasted "24-HOUR[S]" and stating that it was the recipient's "LAST CHANCE" was therefore false and misleading because the unchanged promotion was offered the very next day.

j.  On October 26, 2024, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "LAST DAY! Online Fall Flash Sale ENDS TONIGHT" and "ONLINE FLASH SALE FINAL HOURS[.]" On October 27, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "Online Sale: EXTENDED TODAY ONLY!" The information in the subject lines of the emails sent on October 26, 2024 stating "LAST DAY" and "ENDS TONIGHT" and "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

k.  On November 20, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "ONLINE BLACK FRIDAY SALE ENDS TONIGHT!" On November 21, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "Online Black Friday Sale EXTENDED TODAY ONLY[.]" The information in the subject line of the email sent on November 20, 2024 stating "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

l.  On November 29, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "Up To 50% Off Everything + Free Gifts + Free

- 15 -

Shipping[.]" However, in order to obtain the "Free Gifts," the recipient would have had to spend at least between $200 and $350. Therefore, the gifts were not "Free" and the information in the subject line of the email sent on November 29, 2024 was false and/or misleading.

m. On December 2, 2024, Vineyard Vines sent Named Plaintiff Carter emails with subject lines stating: "FREE Gift AND Up To 60% Off Sitewide" and "Cyber Monday: Up To 60% Off SITEWIDE + Free Gift!" However, in order to obtain the "Free Gift," the recipient would have had to spend at least $150. Therefore, the gifts were not "Free" and the information in the subject line of the email sent on December 2, 2024 was false and/or misleading.

n. On December 11, 2024, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "FINAL HOURS For Up To 60% Off Everything Online!" On December 12, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "TODAY ONLY: Online Sale Extended!" The information in the subject line of the email sent on December 11 stating "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

o. On December 16, 2024, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "Ending Tonight: 40% Off $200+" and "Last Chance! Up To 40% Off Layers Everyone Loves [.]" On December 17, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "EXTENDED TODAY DAY

ONLY: 40% Off Gifts[.]" The information in the subject lines of the emails sent on December 16, 2024 stating "Ending Tonight" and "Last Chance" was therefore false and misleading because the unchanged promotion was offered the very next day.

p.  On February 23, 2025, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "EARLY ACCESS: 24-Hour Flash Sale!" On February 24, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "SURPRISE! Sale Extended Today Only!" The information in the subject line of the email sent on February 23, 2025 stating that the sale was a "24-Hour" sale was therefore false and misleading because the unchanged promotion was offered the very next day, and lasted longer than 24 hours.

q.  Between February 28, 2025 and March 1, 2025, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "Up To 60% Off **48 HOURS ONLY**" and "Last. Day. Up To 60% Off ALL Sale Styles!" On March 2, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "Sale E-X-T-E-N-D-E-D One More Day!" The information in the subject lines of the emails sent on February 28 and March 1, 2025 stating that the sale was a "48-Hour" sale and that it was the recipients "Last[] Day" was therefore false and misleading because the unchanged promotion was offered the day after the promotion was represented as having ended.

r.  On May 11, 2025, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "ENDS TONIGHT: 50% Off Everything!" and "HOURS LEFT! 50% Off Everything[.]" On May 12, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "NOW EXTENDED: 50% Off Everything[.]" The information in the subject lines of the emails sent on May 11, 2025 stating "ENDS TONIGHT" and "HOURS LEFT" was therefore false and misleading because the unchanged promotion was offered the very next day.

s.  On May 27, 2025, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "ENDS TONIGHT: Up To 70% Off Sale + 25% Off All!" and "FINAL HOURS: UP TO 70% OFF ALL SALE!" On May 28, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "EXTENDED: Up To 70% OFF Sale[.]" The information in the subject lines of the emails sent on May 27, 2025 stating "ENDS TONIGHT" and "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

t.  On June 10, 2025, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "LAST DAY: 50% OFF EVERYTHING Sitewide!" and "LAST CALL: 50% Off Every. Single. Thing. Online." On June 11, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "NOW EXTENDED: 50% OFF EVERYTHING ONLINE[.]" The information in the subject lines of the emails sent on June 11, 2025 stating "LAST DAY" and "LAST CALL" was therefore

- 18 -

false and misleading because the unchanged promotion was offered the very next day.

u.   Between June 15, 2025 and June 16, 2025, Vineyard Vines sent Named Plaintiff Carter emails with the subject lines: "Today Only: FREE SHIPPING On All Orders + 40% Off Tees" and "LAST DAY: 40% Off Tees & More Summer Styles!" On June 17, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "40% Tees + 30% Off Shorts, Polos & Swim EXTENDED[.]" The information in the subject lines of the emails sent on June 11, 2025 stating "Today Only" and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the day after the promotion was represented as having ended. Additionally, on June 19, 2025, Vineyard Vines also sent an email with the subject line "ITS ON! 40% Off Tees + 30% Off Summer Styles" thus further disproving the statements made in the June 15 and June 16 email subject lines.

v.   On July 21, 2025, Vineyard Vines sent Named Plaintiff Carter an email with the subject line: "LAST DAY! Up To 40% Off Swim, Tees & More Ends Tonight[.]" On July 22, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Carter an email with the subject line "Extended Today Only! Up To 40% Off Summer Vacay Styles[.]" The information in the subject line of the email sent on July 21, 2025 stating "LAST DAY" and "Ends Tonight" was therefore false and misleading because the unchanged promotion was offered the very next day.

62.     Vineyard Vines sent the emails identified in Paragraph 61(a)-(v) (hereinafter the "Carter Deceptive Emails") to Plaintiff Carter for the purpose of promoting Vineyard Vines's goods for sale.

63.     Vineyard Vines initiated the transmission or conspired to initiate the transmission of the commercial electronic mail messages identified in Paragraph 61(a)-(v) to Plaintiff Carter.

**b.  <u>Named Plaintiff Nielsen's Experience</u>**

64.     At all times relevant to this Complaint, Plaintiff Nielsen resided in Maryland.

65.     Plaintiff Nielsen has received Vineyard Vines emails since at least April 25, 2022.

66.     Plaintiff Nielsen receives emails from Vineyard Vines at a gmail.com email address.

67.     Vineyard Vines knows, or has reason to know, that Plaintiff Nielsen's email address is held by a Maryland resident. Plaintiff Nielsen has an account with Vineyard Vines that reflects her home address in the State of Maryland. Plaintiff Nielsen has made several purchases from the Vineyard Vines website (unrelated to the allegations contained within this Complaint) that have been delivered to her home in Maryland and she has shopped in Vineyard Vines stores in Maryland with her account.

68.     Vineyard Vines sent the following emails to Named Plaintiff Nielsen:

a.  On February 4, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "FINAL HOURS: HALF OFF All Sale Styles" and "ENDS TONIGHT: Half Off Sale Styles[.]" The next day, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "HALF OFF All Sale Styles EXTENDED[.]" The information in the subject lines of the February 4, 2024 emails stating "FINAL

HOURS" and "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

b.  Between April 27, 2024 and April 30, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "FREE SHIPPING + 30% Off [] This Weekend Only," "30% Off Swim ENDS TOMORROW...Shop Now!," "30% Off Bestselling Mens Styles Ends Tomorrow," "Last Day For 30% Off (Dont Miss It!)," "SALE LAST DAY: 30% Off On-The-Go Shorts," and "LAST CALL: 30% Off Spring Faves Ends Tonight[.]" On May 1, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "Sale Extended: 30% Off For TODAY ONLY!" The information in the subject lines of the emails sent between April 27 and April 30, 2024 stating "This Weekend Only" and "ENDS TOMORROW" and "LAST DAY" and "LAST CALL" and "Ends Tonight" was therefore false and misleading because the unchanged promotion was offered the day after the sale was represented as having ended.

c.  On June 30, 2024, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line: "Online Only [] 50% Off Everything Ends Tonight[.]" On July 1, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "SURPRISE: 50% Off Online EXTENDED[.]" The information in the subject line of the emails sent on June 30, 2024 stating "Ends Tonight" was therefore false and misleading because the unchanged promotion was offered the very next day.

d.  On August 11, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "LAST DAY: Must-See Sale Prices [] Up To 70% Off!" and "FINAL HOURS: Up To 70% Off ALL Sale Styles[.]" On August 12, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "Up To 70% Off All Sale Styles EXTENDED[.]" The information in the subject lines of the emails sent on August 11, 2024 stating "LAST DAY" and "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

e.  Between October 13, 2024 and October 14, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "2 Days Only! FREE SHIPPING + 30% Off Everything" and "LAST DAY For 30% Off Everything!" On October 15, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "NOW EXTENDED: 30% Off Everything[.]" The information in the subject lines of the emails sent between October 13 and October 14, 2024 stating "2 Days Only" and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the day after the sale was represented as having ended.

f.  On October 18, 2024, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line: "LAST CHANCE For 50% Off Everything Online[.]" On October 19, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line

"Online Flash Sale: EXTENDED TODAY ONLY[.]" The information in the subject line of the email sent on October 18, 2024 stating "LAST CHANCE" was therefore false and misleading because the unchanged promotion was offered the very next day.

g.  On October 26, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "LAST DAY! Online Fall Flash Sale ENDS TONIGHT" and "ONLINE FLASH SALE FINAL HOURS[.]" On October 27, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "Online Sale: EXTENDED TODAY ONLY!" The information in the subject lines of the emails sent on October 26, 2024 stating "LAST DAY" and "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

h.  On November 20, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "ONLINE BLACK FRIDAY SALE ENDS TONIGHT!" and "LAST CALL For 50% Off EVERYTHING ONLINE[.]" On November 21, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "Online Black Friday Sale EXTENDED TODAY ONLY[.]" The information in the subject lines of the emails sent on November 20, 2024 stating "ENDS TONIGHT" and "LAST CALL" was therefore false and misleading because the unchanged promotion was offered the very next day.

i.  On November 29, 2024, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line: "Up To 50% Off Everything + Free Gifts + Free Shipping[.]" However, in order to obtain the "Free Gifts," the recipient would have had to spend at least between $200 and $350. Therefore, the gifts were not "Free" and the information in the subject line of the email sent on November 29, 2024 was false and/or misleading.

j.  On December 2, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with subject lines stating: "FREE Gift AND Up To 60% Off Sitewide" and "Cyber Monday: Up To 60% Off SITEWIDE + Free Gift!" However, in order to obtain the "Free Gift," the recipient would have had to spend at least $150. Therefore, the gifts were not "Free" and the information in the subject lines of the emails sent December 2, 2024 was false and/or misleading.

k.  On December 11, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "LAST DAY [] These Online Deals Are About To Expire" and "FINAL HOURS For Up To 60% Off Everything Online!" On December 12, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "TODAY ONLY: Online Sale Extended!" The information in the subject lines of the emails sent on December 11 stating "LAST DAY" and "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

l.  On December 16, 2024, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "Ending Tonight: 40% Off $200+," "Last Chance! Up

To 40% Off Layers Everyone Loves," and "Last Chance For 40% Off Great Gifts [] This Is It!" On December 17, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "EXTENDED TODAY DAY ONLY: 40% Off Gifts[.]" The information in the subject lines of the emails sent on December 16, 2024 stating "Ending Tonight" and "Last Chance" was therefore false and misleading because the unchanged promotion was offered the very next day.

m.  On April 25, 2025, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line: "In Stores Tomorrow: FREE GIFT For Mom!" However, in order to obtain the "FREE GIFT," the recipient would have had to spend at least $250. Therefore, the gifts were not "FREE" and the information in the subject lines of the email sent on April 25, 2025 was false and/or misleading.

n.  On May 11, 2025, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "ENDS TONIGHT: 50% Off Everything!" and "HOURS LEFT!  50% Off Everything[.]" On May 12, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "NOW EXTENDED: 50% Off Everything[.]" The information in the subject lines of the emails sent on May 11, 2025 stating "ENDS TONIGHT" and "HOURS LEFT" was therefore false and misleading because the unchanged promotion was offered the very next day.

o.  On June 10, 2025, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "LAST DAY: 50% OFF EVERYTHING Sitewide!" and "LAST CALL: 50% Off Every. Single. Thing. Online." On June 11, 2025, the

- 25 -

day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen an email with the subject line "NOW EXTENDED: 50% OFF EVERYTHING ONLINE[.]" The information in the subject lines of the emails sent on June 11, 2025 stating "LAST DAY" and "LAST CALL" was therefore false and misleading because the unchanged promotion was offered the very next day.

p.  Between June 15, 2025 and June 16, 2025, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "Today Only: FREE SHIPPING On All Orders + 40% Off Tees," "LAST DAY: 40% Off Tees & More Summer Styles!," "FINAL HOURS: FREE SHIPPING + 40% Off So. Many. Summer. Styles.," "SALE ENDS TODAY: 40% Off Tees & Summer Styles," "Hours Left For 40% Off Tees & Summer Styles In Store," "SALE LAST DAY: 30% Off ALL Summer Polos!," and "FINAL HOURS: 40% Off Tees AND MORE!" On June 17, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen two emails, one with the subject line "40% Tees + 30% Off Shorts, Polos & Swim EXTENDED," and the other with the subject line "40% Off Tees EXTENDED (Today Only)[.]" The information in the subject lines of the emails sent between June 15 and 16, 2025 stating "Today Only," "LAST DAY," "FINAL HOURS," "Hours Left," "SALE ENDS TODAY," "and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the day after the sale was represented as having ended. Additionally, on June 19, 2025, Vineyard Vines also sent an email with the subject line "ITS ON! 40% Off Tees + 30%

Off Summer Styles" thus further disproving the statements made in the June 15 and June 16 emails.

q.  On July 21, 2025, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "LAST DAY! Up To 40% Off Swim, Tees & More Ends Tonight," "Hours Left For Up To 40% Off His & Her Performance Styles," "ENDS TONIGHT: Up To 40% Off Vacation Essentials," and "ENDS SOON: Up To 40% OFF Summer Faves!" On July 22, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen two emails, the first with the subject line "Extended Today Only! Up To 40% Off Summer Vacay Styles," and the second with the subject line "NOW EXTENDED: Up To 40% Off All Tees For Your Crew[.]" The information in the subject lines of the emails sent on July 21, 2025 stating "LAST DAY" and "Ends Tonight" and "Hours Left" and "ENDS SOON" was therefore false and misleading because the unchanged promotion was offered the very next day.

r.  On July 29, 2025, Vineyard Vines sent Named Plaintiff Nielsen emails with the subject lines: "LAST DAY: 50% Off Sitewide" and "This Is IT! 50% Off Sitewide Ends TONIGHT[.]" On July 30, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Nielsen two emails, the first with the subject line "NOW EXTENDED: 50% Off ALL + Free Shipping ($125+)," and the second with the subject line "50% Off Online **EXTENDED** One More Day!" The information in the subject lines of the emails sent on July 29, 2025 stating "LAST DAY" and "Ends TONIGHT" was

therefore false and misleading because the unchanged promotion was offered the very next day.

69.     Vineyard Vines sent the emails identified in Paragraph 68(a)-(r) (hereinafter the "Nielsen Deceptive Emails") to Plaintiff Nielsen for the purpose of promoting Vineyard Vines's goods for sale.

70.     Vineyard Vines initiated the transmission or conspired to initiate the transmission of these commercial electronic mail messages to Plaintiff Nielsen.

**c.  Named Plaintiff Ayers' Experience**

71.     At all times relevant to this Complaint, Plaintiff Ayers resided in Indiana.

72.     Plaintiff Ayers has received Vineyard Vines emails since at least May 2024.

73.     Plaintiff Ayers receives emails from Vineyard Vines at a gmail.com email address.

74.     Vineyard Vines knows, or has reason to know, that Plaintiff Ayers's email address is held by an Indiana resident. Plaintiff Ayers has an account with Vineyard Vines that reflects his home address in the State of Indiana. Plaintiff Ayers has made several purchases from the Vineyard Vines website (unrelated to the allegations contained within this Complaint) that have been delivered to his home in Indiana and he has shopped in Vineyard Vines stores in Indiana with his account.

75.     Vineyard Vines sent the following emails to Named Plaintiff Ayers:

a.  On November 20, 2024, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line: "ONLINE BLACK FRIDAY SALE ENDS TONIGHT!" On November 21, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "Online Black Friday Sale EXTENDED TODAY ONLY[.]" The information

in the subject line of the email sent on November 20, 2024 stating "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

b.  On November 29, 2024, Vineyard Vines sent Named Plaintiff Ayers emails with the identical subject line: "Up To 50% Off Everything + Free Gifts + Free Shipping[.]" However, in order to obtain the "Free Gifts," the recipient would have had to spend at least between $200 and $350. Therefore, the gift was not "Free" and thus the information in the subject lines of the emails sent on November 29, 2024 was false and/or misleading.

c.  On December 2, 2024, Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "Cyber Monday: Up To 60% Off SITEWIDE + Free Gift!" and "YOUR CART [] Now Up to 60% OFF + Free Gift!" However, in order to obtain the "Free Gift," the recipient would have had to spend at least $150. Therefore, the gift was not "Free" and thus the information in the subject line of the email sent on December 2, 2024 was false and/or misleading.

d.  On December 11, 2024, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line: "FINAL HOURS For Up To 60% Off Everything Online!" On December 12, 2024, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "TODAY ONLY: Online Sale Extended!" The information in the subject line of the email sent on December 11, 2024 stating "FINAL HOURS" was therefore false and misleading because the unchanged promotion was offered the very next day.

e.   On December 16, 2024, Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "Last Chance For 40% Off Great Gifts [] This Is It!," "Last Chance! Up To 40% Off Layers Everyone Loves," and "Ending Tonight: 40% Off $200+[.]" On December 17, 2024 the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "EXTENDED TODAY DAY ONLY: 40% Off Gifts[.]" The information in the subject lines of the emails sent on December 16, 2024 stating "Last Chance" and "Ending Tonight" was therefore false and misleading because the unchanged promotion was offered the very next day.

f.   On February 2, 2025, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line: "Ends TONIGHT: Up To 60% Off A-L-L Sale Styles[.]" On, February 3, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "Up To 60% OFF EXTENDED! SURPRISE[.]" The information in the subject line of the email sent on February 2, 2025 stating "Ends TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

g.   On February 16, 2025, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line: "Last Call For Whale-y Iconic Tees[.]" On February 17, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "UnWHALEievable! Limited-Edition Tees Extended Today Only[.]" The information in the subject lines of the email sent on February 16, 2025 stating "Last Call" was therefore

false and misleading because the unchanged promotion was offered the very next day.

h.  On February 23, 2025, Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "50% OFF MUST. HAVE. STYLES! Online Flash Ends Soon," "24-HOUR FLASH SALE! Up To 60% Off," "EARLY ACCESS: 24-Hour Flash Sale!"  On February 24, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers two emails, one with the subject line "Up To 60% OFF For ONE. MORE. DAY!" and the other with the subject line "SURPRISE! Sale Extended Today Only[.]" The information in the subject lines of the emails sent on February 23, 2025 stating "Ends Soon," and the subject lines indicating that the sale was a "24-Hour" sale was therefore false and misleading because the unchanged promotion was offered the very next day.

i.  On May 11, 2025, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line: "ENDS TONIGHT: 50% Off Everything!" On May 12, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "NOW EXTENDED: 50% Off Everything[.]" The information in the subject line of the email sent on May 11, 2025 stating "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

j.  On May 27, 2025, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line: "ENDS TONIGHT: Up To 70% Off Sale + 25% Off All!" On May 29, 2025, the day after the sale was represented as having ended, Vineyard

Vines sent Named Plaintiff Ayers an email with the subject line "HEY YOU: ONE MORE DAY OF 25% OFF Your Entire Cart!" The information in the subject line of the email sent on May 27, 2025 stating "ENDS TONIGHT" was therefore false and misleading because the unchanged promotion was offered the very next day.

k.   On June 2, 2025 Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "FINAL HOURS: 40% Off Tees & 30% Off Summer Faves Ends Tonight," "Only Til Midnight: 30% Off! DRESS SALE," "Up To 70% Off ALL Sale Ends At Midnight!," "Ends Tonight: 40% Off Tees + 30% Off Summer Favorites," "FINAL DAY For 40% Off ALL T-SHIRTS," and "LAST DAY! 40% Off Tees & 30% Off Summer Faves[.]" On June 3, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "ONE LAST CHANCE: 40% Off ALL Tees + 30% Off Summer Faves[.]" The information in the subject lines of the emails sent on June 2, 2025 stating "FINAL HOURS," "Ends Tonight," "Only Til Midnight," Ends Tonight," "FINAL DAY," and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the very next day.

l.   On June 10, 2025, Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "LAST CALL: 50% Off Every. Single. Thing. Online." and "LAST DAY: 50% OFF EVERYTHING Sitewide!" On June 11, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers an email with the subject line "NOW EXTENDED: 50% OFF

EVERYTHING ONLINE[.]" The information in the subject lines of the emails sent on June 10, 2025 stating "LAST CALL" and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the very next day.

m. Between June 15, 2025 and June 16, 2025, Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "Today Only: FREE SHIPPING On All Orders + 40% Off Tees," "FINAL HOURS: 40% Off Tees AND MORE!," "ALMOST OVER: 40% Off Top-Rated Tees And Summer Styles," "SALE ENDS TODAY: 40% Off Tees & Summer Styles," and "LAST DAY: 40% Off Tees & More Summer Styles!" On June 17, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers two emails, one with the subject line "40% Tees + 30% Off Shorts, Polos & Swim EXTENDED," and the other with the subject line "40% Off Tees EXTENDED (Today Only)[.]" The information in the subject lines of the emails sent between June 15 and 16, 2025 stating "Today Only," "LAST DAY," "FINAL HOURS," "Hours Left," "SALE ENDS TODAY," "and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the day after the sale was represented as having ended. Additionally, on June 18, 2025, Vineyard Vines sent another email with a subject line stating "JUST FOR YOU: 40% Off Tees + 30% Off Shorts & Swim Extended[.]" And on June 19, 2025, Vineyard Vines also sent an email with the subject line "ITS ON! 40% Off Tees + 30% Off Summer Styles" thus further disproving the statements made in the June 15 and June 16 emails.

n.  On July 21, 2025, Vineyard Vines sent Named Plaintiff Ayers emails with the subject lines: "ENDS SOON: Up To 40% OFF Summer Faves!," "ENDS TONIGHT: Up To 40% Off Vacation Essentials," and "LAST DAY! Up To 40% Off Swim, Tees & More Ends Tonight[.]" On July 22, 2025, the day after the sale was represented as having ended, Vineyard Vines sent Named Plaintiff Ayers two emails, the first with the subject line "NOW EXTENDED: Up To 40% Off All Tees For Your Crew" and the second with the subject line "Extended Today Only! Up To 40% Off Summer Vacay Styles[.]" The information in the subject lines of the emails sent on July 21, 2025 stating "ENDS SOON," "ENDS TONIGHT," and "LAST DAY" was therefore false and misleading because the unchanged promotion was offered the very next day.

76.    Vineyard Vines sent the emails identified in Paragraph 75(a)-(n) (hereinafter the "Ayers Deceptive Emails") to Plaintiff Ayers for the purpose of promoting Vineyard Vines's goods for sale.

77.    Vineyard Vines initiated the transmission or conspired to initiate the transmission of these commercial electronic mail messages to Plaintiff Ayers.

78.    As shown in Paragraphs 61(a)-(v), 68(a)-(r), and 75(a)-(n) Plaintiff Carter has identified at least 39, Plaintiff Nielsen has identified at least 44, and Plaintiff Ayers has identified at least 32 Vineyard Vines emails with false and misleading subject lines currently in their email inboxes. These emails were sent between December 7, 2023 to July 29, 2025, showing that Vineyard Vines engaged in this conduct throughout the relevant time period. Plaintiffs continue to receive emails with false and misleading information in the subject lines. However, because

Plaintiffs have deleted some of the emails they have received from Vineyard Vines, they are not presently able to identify all the emails with false and misleading subject lines they have received. Vineyard Vines is aware of all the emails it has sent Plaintiffs and discovery will show the full number of emails Vineyard Vines has sent throughout the relevant time period.

## V.    CLASS ACTION ALLEGATIONS

79.    Named Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Vineyard Vines pursuant to Maryland Rule 2-231(c)(3) and seek to represent the following Classes, defined as:

### Maryland Class

**All Maryland residents to whom Vineyard Vines sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that (a) states or implies that a particular promotion will be end at a specified time, when the promotion will actually continue beyond the specified end time; or (b) states or implies that the recipient of the email will be given a free product, when in fact purchase is required in order to obtain the product.**

### Indiana Class

**All Indiana residents to whom Vineyard Vines sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that (a) states or implies that a particular promotion will be end at a specified time, when the promotion will actually continue beyond the specified end time; or (b) states or implies that the recipient of the email will be given a free product, when in fact purchase is required in order to obtain the product.**

Excluded from the Classes are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

80.    The Classes, as defined above, are identifiable. Named Plaintiffs are members of

the Classes.

81.     The Classes each consists, at a minimum, of 50 consumers and are thus so numerous that joinder of all members is clearly impracticable.

82.     There are questions of law and fact which are not only common to the Classes, but which predominate over any questions affecting only individual members of the Classes.

83.     With respect to the Classes, the common and predominating questions include, but are not limited to:

(a)     Whether the emails Vineyard Vines sent to the Maryland Class are subject to MCEMA § 14-3001, *et seq*.,

(b)     whether the emails Vineyard Vines sent to the Indiana Class are subject to Ind. Code Ann. § 24-5-22-1, *et seq.*

(c)     Whether the subject lines of emails sent by Vineyard Vines contain false or misleading information that has the capacity, tendency, or effect of deceiving the recipient, in violation of MCEMA § 14-3002;

(d)     Whether the subject lines of the emails sent by Vineyard Vines contain false or misleading information, in violation Ind. Code Ann. § 24-5-22-7;

(e)     Whether Vineyard Vines is subject to the $500 penalty set forth in MCEMA § 14-3003 for each of email it sends containing false or misleading information in the subject line;

(f)     Whether Vineyard Vines is subject to the $500 penalty set forth in Ind. Code Ann. § 24-5-22-10 for each of email it sends containing false or misleading information in the subject line;

- 36 -

(g)    Whether Named Plaintiffs and the proposed Classes are entitled to an injunction enjoining Vineyard Vines from sending the unlawful emails in the future; and

(h)    The nature and extent of Class-wide injury and damages.

84.    Claims of Named Plaintiffs are typical of the claims of the respective members of the proposed Classes and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

85.    Named Plaintiffs will fairly and adequately protect the interests of the proposed Classes.

86.    Named Plaintiffs are committed to vigorously litigating this matter.

87.    Further, Named Plaintiffs have secured counsel experienced in handling consumer class actions and complex consumer litigation.

88.    Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

89.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes. MD. RULE 2-231(c)(3).

90.    A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(c)(3).

91.    The likelihood that individual members of the proposed Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

92.    The likelihood that individual members of the proposed Classes will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

93.     Counsel for Named Plaintiffs and the proposed Classes are experienced in class actions and foresees little difficulty in the management of this case as a class action.

## VI.     CAUSE OF ACTION

### COUNT ONE
**(VIOLATION OF MARYLAND COMMERCIAL ELECTRONIC MAIL ACT § 14-3001,**
*ET SEQ.*)
**(MARYLAND CLASS)**

94.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

95.     Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

96.     The Carter Deceptive Emails and Nielsen Deceptive Emails (as well as all other emails Vineyard Vines sends that contain false or misleading information in the subject lines) are "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

97.     MCEMA § 14-3002(b) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate the transmission [that] is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

98.     Vineyard Vines is the person that initiated the transmission of the Carter Deceptive Emails, the Nielsen Deceptive Emails, and all other emails it sent to members of the Maryland Class Members.

99.     MCEMA § 14-3002(c) contains the following presumption: "[a] person is

presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

100.    Information concerning the residency of Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class is (and was) available on request from the registrant of the Internet domain name contained in Plaintiffs' and members of the Maryland Class's electronic mail address.

101.    Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class has provided Vineyard Vines with a shipping address and/or billing address and/or phone numbers with respect to orders (unrelated to the allegations in this Complaint) made by Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class.

102.    Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class created online accounts, where they saved information regarding their shipping address, billing address, and phone numbers.

103.    At the time it sent the Carter Deceptive Emails and Nielsen Deceptive Emails (and all other emails Vineyard Vines sent containing false or misleading information in the subject lines), Vineyard Vines had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

104.    Defendant had reason to believe that all individuals (a) with a Maryland based area code, including 240, 301, 410, 443, or 667 were residents of Maryland at the time the Carter Deceptive Emails and Nielsen Deceptive Emails (as well as all other emails it sent to members of the Maryland Class) were sent; and (b) who signed up to receive Vineyard Vines emails inside of a Vineyard Vines store located within Maryland were residents of Maryland at the time those

emails were sent.

105.    Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class are and were, in fact, residents of Maryland at the time Vineyard Vines transmitted the Carter Deceptive Emails, Nielsen Deceptive Emails, and all other emails it sent to members of the Maryland Class.

106.    Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class were the intended recipients of the Carter Deceptive Emails, the Nielsen Deceptive Emails, and all other emails Vineyard Vines sent to members of the Maryland Class.

107.    Vineyard Vines knew or should have known that Named Plaintiff Carter, Named Plaintiff Nielsen, and members of the Maryland Class, the intended recipients of the aforementioned emails, are (and were) residents of the State of Maryland when Vineyard Vines sent the emails.

108.    MCEMA § 14-3003(c) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages . . . [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

109.    Under MCEMA, it is irrelevant whether the aforementioned emails were solicited.

110.    In violation of MCEMA § 14-3002, the aforementioned emails (and many other emails sent by Vineyard Vines) contained a subject line with false or misleading information, in the ways described in Paragraphs 61(a)-(v) and 68(a)-(r) above.

111.    Vineyard Vines's sending of each Carter Deceptive Email, Nielsen Deceptive Email, and any other email with false or misleading information in the subject line, is a discrete violation of MCEMA § 14-3002.

## COUNT TWO
### (VIOLATION OF INDIANA CODE ANN. § 24-5-22-1, *ET SEQ.*)
### (INDIANA CLASS)

112.    Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

113.    Ind. Code Ann. § 24-5-22-2 (hereinafter "Indiana's Deceptive Commercial Electronic Mail Act") defines "commercial electronic mail message" as "an electronic mail message sent to promote the sale or lease of real property, goods, or services."

114.    The Ayers Deceptive Emails (as well as all other emails Vineyard Vines sent to the Indiana Class containing false or misleading information in the subject lines) were "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

115.    Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-7 contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate or assist the transmission of a commercial electronic mail message [that contains false or misleading information in the subject line]: to an electronic mail address that the sender: **(A)** knows; or **(B)** has reason to know; is held by a resident of Indiana."

116.    Vineyard Vines is the person that initiated the transmission of the Ayers Deceptive Emails and all other emails it sent to members of the Indiana Class.

117.    Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-7 contains the following presumption: "a person knows that the intended recipient of a commercial electronic mail message is an Indiana resident if that information is available, upon request, from the registrant of the Internet domain name contained in the recipient's electronic mail address."

118.    Information concerning the residency of Named Plaintiff Ayers and members of the Indiana Class is (and was) available on request from the registrant of the Internet domain name

contained in Named Plaintiff Ayers's and members of the Indiana Class' electronic mail address.

119.    Defendant also collects telephone numbers for each person it will send "Commercial Electronic Mail" to before it sends any "Commercial Electronic Mail."

120.    Named Plaintiff Ayers and members of the Indiana Class has provided Vineyard Vines with a shipping address and/or billing address and/or phone numbers with respect to orders made (unrelated to the allegations in this Complaint) by Named Plaintiff Ayers and members of the Indiana Class.

121.    Named Plaintiff Ayers and members of the Indiana Class created online accounts, where they saved information regarding their shipping address, billing address, and phone numbers.

122.    At the time Vineyard Vines sent the Ayers Deceptive Emails (and any other email containing false or misleading information in the subject line), Vineyard Vines had access to the data described above regarding the location of consumers in Indiana to whom it sent the emails.

123.    Defendant had reason to believe that all individuals (a) with an Indiana based area code, including 219, 260, 317, 463, 574, 765, 812, and 930 were residents of Indiana at the time the aforementioned emails were sent and (b) who signed up to receive Vineyard Vines emails inside of a Vineyard Vines store located within Indiana were residents of Indiana at the time the Ayers Deceptive Emails were sent.

124.    Named Plaintiff Ayers and members of the Indiana Class are and were, in fact, residents of Indiana at the time Vineyard Vines transmitted the Ayers Deceptive Emails (and all other emails sent to the Indiana Class with subject lines containing false or misleading information).

125.    Named Plaintiff Ayers and members of the Indiana Class were the intended

recipients of the Ayers Deceptive Emails and all other emails Vineyard Vines sent to the Indiana Class.

126.    Vineyard Vines knew or should have known that Named Plaintiff Ayers and members of the Indiana Class, the intended recipients of the aforementioned emails, are (and were) residents of the State of Indiana when Vineyard Vines sent the emails.

127.    Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-10 provides that "the plaintiff is entitled to presumptive damages of five hundred dollars ($500) for each commercial electronic mail message that violates this chapter and that is sent by the defendant . . . to the plaintiff[.]"

128.    Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-10 provides that a prevailing plaintiff is entitled to collect "reasonable attorney's fees and other litigation costs reasonably incurred in connection with the action."

129.    Under Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-10, it is irrelevant whether the emails were solicited.

130.    In violation of Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-10, the Ayers Deceptive Emails and many other emails sent by Vineyard Vines to the Indiana Class contained a subject line with false or misleading information, in the ways described in Paragraphs 75(a)-(n) above.

131.    Vineyard Vines's sending of each of the aforementioned emails is a discrete violation of Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-10.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs respectfully pray for judgment as follows:

A.    An order assuming jurisdiction of this case;

B.  an order certifying the Classes under Maryland Rule 2-231(c)(3);

C.  an order appointing Named Plaintiff Carter and Named Plaintiff Nielsen as representatives of the Maryland Class, Named Plaintiff Ayers as representative of the Indiana Class, and undersigned counsel as Class counsel for each of the Classes;

D.  an order awarding statutory damages pursuant to:

a.  MCEMA § 14-3003 ($500 per violation) for Named Plaintiff Carter,[1] Named Plaintiff Nielsen,[2] and the members of the Maryland Class; and

b.  Indiana's Deceptive Commercial Electronic Mail Act § 24-5-22-10 ($500 per violation) for Named Plaintiff Ayers[3] and the members of the Indiana Class;

E.  an award of attorneys' fees, pursuant to the MCEMA § 14-3003 and Ind. Code Ann. § 24-5-22-10;

F.  enter declaratory, equitable, and/or injunctive relief, pursuant to Ind. Code Ann. § 24-5-22-10, to ensure Defendant does not continue to engage in the unlawful conduct described in this Complaint, and an accompanying order that the Court retain jurisdiction for a period of at least six months to ensure that Defendant complies with those measures;

---

[1] Pursuant to Maryland Rule 2-305, Named Plaintiff Carter states that his individual claim for relief under MCEMA § 14-3003 totals $19,500 (39 emails x $500 per email = $19,500).

[2] Pursuant to Maryland Rule 2-305, Named Plaintiff Nielsen states that her individual claim for relief under MCEMA § 14-3003 totals $22,000 (44 emails x $500 per email = $22,000).

[3] Pursuant to Maryland Rule 2-305, Named Plaintiff Ayers states that his individual claim for relief under Ind. Code Ann. § 24-5-22-10 totals $16,000 (32 emails x $500 per email = $16,000).

G.      enter an order to ensure that Defendant is restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Classes;

H.      an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiffs and the members of the proposed Classes; and

I.      award such other relief as the court deems appropriate.


                                        Respectfully submitted,

                                        The Toppe Firm, LLC


Dated: August 12, 2025                  **/s/ Jeffrey C. Toppe**
                                        Jeffrey C. Toppe, Esq. (CPF #1412180230)
                                        4900 O'Hear Avenue, Ste. 100
                                        North Charleston, SC 29405
                                        (323) 909-2011
                                        jct@toppefirm.com

                                        **Attorney for Named Plaintiffs**